Law Library

## IN THE SUPERIOR COURT
## OF GUAM

JOSEPH SANTIAGO TAITANO, Attorney In Fact for the Heirs of DELORES TORRES FLORES, the Heirs of MANUEL TORRES FLORES, and the Heirs of LUIS TORRES FLORES,

        Plaintiffs,

vs.

CALVO FINANCE CORPORATION, REMEDIOS TORRES FLORES, WILLIE TORRES FLORES and DAVID TORRES CRUZ,

        Defendants,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case No. CV0365-03

## DECISION AND ORDER

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on May 22, 2013, on Plaintiffs' motion to reopen time for filing an appeal. Plaintiffs appeared *pro se*. Defendant Willie Flores was represented by attorney Jon A. Visosky. Defendant Calvo Finance Corp. was represented by attorney Genevieve P. Rapadas. After having considered the arguments and reviewed the file and papers herein the Court hereby issues an order Denying Plaintiffs' request for their failure to comply with the requirements of Rule 4(a)(6).

## BACKGROUND

On November 12, 2012, pursuant to Rule 4, of the Guam Rules of Appellate Procedure, Plaintiffs filed a paper entitled, Motion to Reopen Time for Filing an Appeal with Memorandum of Points and Authorities. In their paper Plaintiffs request that the Court enter an order reopening the time for filing an appeal of its August 2, 2012 Decision and Order and

August 27, 2012, Judgment. In support of this request Plaintiffs assert that they were not served with the Court's Decision and Order and its Judgment, until October 15, 2012 and November 8, 2012, respectively. They further argue and assert that their request is supported by the Court's failure to comply with Rule 58(a)(1). This rule requires that a judgment be set forth on a separate document.

On March 28, 2013, Defendant Willie Torres Flores filed a paper in opposition to Plaintiffs' request and joining Defendant Calvo Finance Corp.'s opposition. In his opposition paper Defendant refutes the Plaintiffs' assertion that they were not given sufficient notice of the Court's decision and judgment. In support of this assertion the Defendant cites to the Court's file showing service by mail upon Plaintiffs on August 3, 2012 and August 28, 2013, one day following the entry of its August 2, 2012, Decision and Order and its August 27, 2012 Judgment, respectively. Defendant also argues that Plaintiffs' Rule 58 argument is nonsensical because the Court's judgment was entered by a separate paper.

Defendant Calvo Finance Corp. also filed a paper opposing Plaintiffs' request to reopen on March 28, 2012. In its paper Defendant Calvo argues and asserts that the elements for granting a Rule 4(a)(6) motion to reopen cannot be factually supported. It also argues that Plaintiffs' dilatory and negligent conduct throughout the pendency of this matter does not merit an application of the Court's discretion in their favor.

Plaintiffs filed no paper in reply to Defendants' opposition papers.

# DISCUSSION

Rule 4(a)(6) of the Guam Rules of Appellate procedure regulates the Court's entry of an order to reopen the time for appeal. Guam R. App. P. 4(a)(6). It provides,

> The Superior Court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) The motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier.
> (B) The court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the Superior Court or any party within 21 days after entry; and
> (C) The court finds that no party would be prejudiced.

*Id.* On its face rule 4(a)(6)(A) first requires that a motion to reopen be filed within 180 days of entry of the judgment or 7 days after the party receives notice. In this case, pursuant to Rule 77(d) of the Guam Rules of Civil Procedure, Plaintiffs received legal and sufficient notice of the Court's entry of its August 27, 2012 Judgment on August 28, 2012. *McGhee v. McGhee*, 2008 Guam 17 ¶ 6. This notice was, by rule, mailed to the address provided by Plaintiffs for this purpose. In their papers Plaintiffs fail to provide the Court with any facts or argument which might enable it to find that it was legally or equitably entitled to some other form of notice. GRCP at 4(a)(6)(B).[1] Absent this or further facts and argument allowing the Court to find Plaintiffs have met the requirements of Rule 4(a)(6) the Court is unable to grant Plaintiffs' request.

---

[1] Additionally Plaintiffs moving paper was filed out of the 7 day requirement from the November 8, 2012 date they assert that they were served with a copy of the Court's Judgment.

## CONCLUSION

For the reasons set forth above the Plaintiffs' November 16, 2012 motion to reopen time for appeal is denied.

SO ORDERED, this 19 day of August 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full, true and correct copy of the document on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

AUG 1 9 2013

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam